# UNITED STATES DISTRICT COURT

for

# EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION

U.S.A. vs. Leonard M. Pickering                                   Docket No. 7:10-CR-115-1

## Petition for Action on Supervised Release

COMES NOW Pamela O. Thornton, probation officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Leonard M. Pickering, who, upon an earlier plea of guilty to Unauthorized Manufacture and Distribution of Satellite Television Access Devices, in violation of 47 U.S.C. § 605(e)(4), was sentenced by the Honorable J. Spencer Letts, Senior U.S. District Judge, Central District of California, on March 2, 2007, to the custody of the Bureau of Prisons for a term of 30 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for 36 months under the standard conditions adopted by the court and the following additional conditions:

1. The defendant shall cooperate in the collection of DNA.

2. The defendant shall participate in outpatient substance abuse treatment and counseling program that includes urinalysis, saliva and/or sweat patch testing as instructed by the probation officer.

3. During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug/alcohol program approved by the United States Probation Office for treatment of narcotic addiction, alcoholism or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs or alcohol, and the defendant shall reside in a treatment program until discharged by the program director and probation officer.

4. The defendant shall abstain from using illicit drugs, alcohol and abusing prescription medications during the period of supervision.

5. As directed by the probation officer the defendant shall pay all or part of the costs of treating the defendant's drug dependency, alcohol dependency, and/or psychiatric disorder to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. 3672.

6. The defendant shall participate in a program of mental health treatment, as directed by the probation office, until discharged by the treatment provider, with the approval of the probation officer. Further, the defendant shall pay the costs of all treatment to the provider and submit proof to the probation officer.

7. The defendant shall pay a special assessment fee of $100, due immediately.

Leonard M Pickering
Docket No. 7:10-CR-115-1
Petition For Action
Page 2

8. The defendant shall pay restitution in the amount of $98,000, during the period of imprisonment at the rate of not less than $25 per quarter. If any amount of restitution remains unpaid after release from custody, nominal quarterly payments of at least $25 shall be paid during the period of supervision.

Leonard M. Pickering was released from custody to the Eastern District of North Carolina on May 22, 2009, at which time the term of supervised release commenced.

The court in Central District of California, was apprised the releasee was charged with Driving While Impaired on February 20, 2010, in New Hanover County District Court, Wilmington, North Carolina, on March 24, 2010. The court modified the releasee's conditions to include 60 days of home detention as a sanction for the non-compliant behavior. The releasee completed the term of home confinement satisfactorily.

Jurisdiction was transferred from the Central District of California to the Eastern District of North Carolina on October 4, 2010.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

On December 14, 2010, the releasee was charged by the Wilmington Police Department, with Operating a Moped Without Wearing a Safety Helmet and Driving While Impaired, Case # 10CR 62519. This case is pending adjudication in New Hanover County District Court, Wilmington, North Carolina.

Mr. Pickering informed his probation officer of the charges and admitted he drank "a few beers" before driving his moped. This is the second Driving While Impaired (DWI) offense for this releasee within the last year. Mr. Pickering has also relapsed on a few occasions and admitted to his officer that he had consumed alcohol. He is aware he has a problem with abstaining from alcohol use and has been unable to control the urge to drink during times of stress.

Mr. Pickering is participating in both mental health and substance abuse treatment. He is attending regular appointments and takes medication as prescribed by his psychiatrist. Mr. Pickering works a full time job as a Game Machine Mechanic and is enrolled in school at Cape Fear Community College taking three courses. Last semester, he took four courses and made the A-B Honor Roll.

Leonard M Pickering
Docket No. 7:10-CR-115-1
Petition For Action
Page 3

Upon first review, an obvious course of action may seem clear in this case. Two DWI arrests within one year are certainly, we believe, sufficient reason to arrest Mr. Pickering and revoke his supervision. However, we suggest to the court this offender may well warrant one last opportunity to maintain sobriety. Following his December arrest he agreed to enter Stepping Stone Manor, a long term therapeutic residential community for recovering addicts in Wilmington, NC. In fact, we drove him to the facility and left him with the understanding he had been admitted and would be staying. However, because he was taking Klonopin (one of a number of medications residents at the facility may not use) he was asked to leave.

Thereafter, the defendant decided he could wean himself off the medication over a period of weeks and then reenter Stepping Stone Manner. This plan was later abandoned when Mr. Pickering and his psychiatrist determined the severity of his mental health symptoms necessitated his continued use of the medication.

Subsequently, the joint efforts of the probation office and this offender resulted in his scheduled placement at RSM Transitional Facility, also a long term residential therapeutic program. Placement in this facility will enable him to continue his participation in substance abuse and mental health therapy (including use of Klonopin) while also maintaining his employment and continuing as a student at Cape Fear Community College. This residential program adheres to the tenets of the twelve step recovery model and will help Mr. Pickering become (once again) enmeshed into the recovery support group community.

Perhaps the most significant reason to allow continued supervision as recommended is this offender's level of motivation. He works, goes to school and (aside from the addiction related violations) he is in compliance with his supervision conditions. He is an alcoholic who has had a long struggle with addiction, depression and other mental health symptoms. But, we believe, he wants to stop drinking.

As a sanction for his violation behavior, it is recommended Pickering's conditions be modified to include two weekends in jail.

The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

Leonard M Pickering
Docket No. 7:10-CR-115-1
Petition For Action
Page 4

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall be confined in the custody of the Bureau of Prisons for a period of 2 consecutive weekends and shall abide by all rules and regulations of the designated facility.

Except as herein modified, the judgment shall remain in full force and effect.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Pamela O. Thornton
Pamela O. Thornton
Senior U.S. Probation Officer
2 Princess Street, Suite 308
Wilmington, NC 28401-3958
Phone: (910) 815-4857
Executed On: January 26, 2011

### ORDER OF COURT

Considered and ordered this 26 day of January, 2011, and ordered filed and made a part of the records in the above case.

James C. Dever III
U.S. District Judge